CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 28 2010
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES NEAL, | ) |
| Plaintiff, | ) Case No. 7:10CV00163 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| M. STANFORD, ET AL., | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Defendants. | ) |

Plaintiff James Neal, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Neal complains that on one occasion, a nurse at Wallens Ridge State Prison refused to give him his scheduled dose of prescription medication. Upon review of the record, the court finds that the complaint must be dismissed for failure to state any claim actionable under § 1983.

## Background

Neal alleges the following sequence of facts from which his claims arise. On February 16, 2010, Nurse Roberts came to Neal's housing unit at Wallens Ridge to distribute evening medication during a recreation period. Neal was in the shower when the nurse arrived. In compliance with all necessary procedures, Neal finished his shower, returned to his cell, and used an emergency call button to ask an officer to release him for pill call. By the time Neal completed this process and was released from his cell, Roberts had finished distributing medications to other inmates and was packing up her materials. Neal tried to stop her and tell her that he needed his medication, but she would not stop to talk to him. He did not receive the scheduled dose of medication.

Neal immediately filed an emergency grievance, stating that as the nurse was leaving after pill call, he asked her for his medication, and the nurse refused to provide it to him. Neal stated that his "medication is considered life sustaining." The response to this emergency grievance

states: "You did not present to the office door for pill call in a timely manner. Therefore, you did not receive your pills. This is not life-threatening."

Neal proceeded to file the necessary documents to exhaust administrative remedies under the Virginia Department of Corrections (VDOC) procedures: an informal complaint, a regular grievance to the warden, and an appeal to the regional director. The officers responding to the grievances and appeals ruled against Neal, because officers reported that his socializing in the pod caused him to miss pill call, and Nurse Roberts stated that missing one dose of his medication was not life threatening. Neal also complains that higher level officers did not address his claim that his medication was "life-sustaining."

### Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." In reviewing the case for possible summary dismissal, the court must accept allegations in the complaint as true and draw all reasonable factual inferences in the plaintiff's favor. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). The factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). After review of Neal's allegations as amended, the court concludes that he fails to allege facts stating a claim actionable under § 1983.

To prove that his course of medical treatment amounted to an Eighth Amendment violation, an inmate must show that prison officials to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104

(1976). The inmate must show that the official was aware of objective evidence from which he could draw an inference that a substantial risk of harm existed and that he drew that inference. Farmer v. Brennan, 511 U.S. 825, 847 (1994). On the other hand, negligent misdiagnosis or other instances of medical malpractice do not present constitutional deprivations. Estelle, 429 U.S. at 105-106. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. See also Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (because evidence indicated doctors diagnosed and treated plaintiff's symptoms, but did not show that doctors knew his condition involved pituitary gland tumor, failure to diagnose and treat that condition did not state Eighth Amendment claim even though inmate ultimately went blind). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Prison officials may rely on the opinion of the medical staff as to the proper course of treatment for an inmate's medical needs. Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir. 1990).

Neal does not allege any specific facts on which he could prove that missing one scheduled dose of his prescription medication placed him at any risk of harm whatsoever. He does not allege what the medication is, what serious medical condition it addresses, any symptoms he suffered from missing one dose, or any long-term effect he suffered as a result of the nurse's action on February 16, 2009 . Therefore, his complaint fails to state that he suffered from any serious medical need to receive that particular dose of medication.

Moreover, even if Neal could produce evidence that his condition is serious and missing one dose of medication presents a serious risk of harm, his allegations indicate that Nurse Roberts did not believe so. The nurse, based on her medical expertise or on consultation with someone else in the medical unit, decided that missing one dose did not present any significant risk to Neal's health. The court cannot second guess such medical judgments. See Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Neal simply does not allege facts on which he could

prove that the nurse knew missing one dose placed Neal at a serious risk of harm, but nevertheless, refused to give him the dose. Without this necessary showing of deliberate indifference, the court must dismiss without prejudice the medical claims against the nurse, pursuant to § 1915A(b)(1), for failure to state any claim under § 1983.

Neal's disagreement with the nurse's decision on the matter states nothing more than misdiagnosis or medical malpractice. Such claims arise, if at all, under state law, and as such, are not independently actionable under § 1983. Because the court will dismiss the related § 1983 claims here, the court declines to exercise supplemental jurisdiction over any state law claims, pursuant to 28 U.S.C. § 1367(c).

Neal also names as a defendant M. Stanford from the medical department. However, in his complaint, he does not allege facts indicating that this individual had any personal involvement whatsoever in the incident on February 16, 2010, or that she was even aware that Neal did not receive his medication. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir.1982) (finding that § 1983 requires showing of personal fault on the part of defendant). Accordingly, all claims against M. Stanford will be dismissed under § 1915A.

Neal also has no claim against the other defendants he has named. These individuals rightfully relied on the nurse to determine whether missing a dose of his medication created any significant risk of harm to Neal. Miltier, 896 F.2d at 855.

Finally, Neal appears to be suing some of the defendants because he does not like the way that they responded to his grievances. Inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Accordingly, a prison official's failure to comply with the provisions of an established grievance procedure is not actionable under §1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Azeez v. De Robertis, 568 F.Supp. 8, 9-11 (N.D.Ill. 1982). Thus, Neal has no actionable claim regarding the defendants' responses to his grievances and appeals.

## Conclusion

For the stated reasons, the court concludes that the complaint must be dismissed without prejudice, pursuant to § 1915A(b)(1) for failure to state any claim upon which relief could be granted under § 1983. An appropriate order will issue this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 28th day of April, 2010.

_____
United States District Judge